Carlos MORELAND, Appellant,

v.

Gary JOHNSON, Alan Polunsky, Warden Price, Admin. Baines, John Doe, Leslie Woods, Lieutenant King, Major King, Officer B. Shaw, Alvin Easterling, Warden Castro, John Doe, Warden Fox, Officer Honeycutt, C.D. Lucas, Officer Brady, Warden Price, Officer Looney, Appellees.

No. 01–02–00089–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 31, 2002.

Carlos Moreland, Rosharon, for Appellant.

Mary McCarty, Asst. Attorney General, Austin, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and RADACK.

1. U.S. Const. amend. XIV.

## OPINION

TERRY JENNINGS, Justice.

Appellant, Carlos Moreland, filed an inmate civil action for violation of his constitutional rights, seeking money damages, a declaratory judgment, and punitive and injunctive relief against numerous defendants employed by the Texas Department of Criminal Justice. In his sole point of error, appellant contends the trial court erred in dismissing his petition and abused its discretion in failing to grant him a hearing and leave to amend his original petition. We affirm.

### Procedural Background

On October 3, 2001, appellant, a prison inmate, brought a suit *in forma pauperis* against numerous defendants employed by the Texas Department of Criminal Justice. Appellant alleged that he sustained damages as a result of violations of state law, his Fourteenth Amendment[1] right to due process, and his Eighth Amendment[2] right to be free from cruel and unusual punishment. Appellant alleged numerous claims, including the unlawful confiscation and destruction of his property, retaliation, and physical harm from repeated exposure to harmful chemical agents.

The trial court requested that the Attorney General of Texas review appellant's pleadings, affidavits, unsworn declarations, and exhibits for compliance with Chapter 14 of the Civil Practice and Remedies Code (Code). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (Vernon Supp. 2002). The Attorney General filed an *amicus curiae* brief and advised the trial court that appellant had failed to comply with sections 14.004(a) and 14.005(b) of the Code. Appellant then requested leave of the trial court to file a supplemental peti-

2. U.S. Const. amend. VIII.

tion, but the trial court dismissed appellant's claims with prejudice.

## Standard of Review

We review a dismissal under Chapter 14 for an abuse of discretion by the trial court. *Carson v. Gomez,* 841 S.W.2d 491, 494 (Tex.App.-Houston [1st Dist.] 1992, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding principles or rules. *Brewer v. Collins,* 857 S.W.2d 819, 822 (Tex.App.-Houston [1st Dist.] 1993, no writ).

When the trial court dismisses a claim without a hearing, the issue on appeal is whether the claim had no arguable basis in law. *Sawyer v. Tex. Dep't of Crim. Justice,* 983 S.W.2d 310, 311 (Tex. App.-Houston [1st Dist.] 1998, pet. ref'd). Thus, we review, *de novo,* the legal question of whether the trial court properly concluded that appellant had no arguable basis in law for maintaining his suit. *Id.*

## Grievance System Decision

An inmate who files a lawsuit based on claims presented in a previous grievance proceeding must file an affidavit or unsworn declaration stating the date on which the grievance was filed and the date on which a written decision on the grievance was received. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (Vernon Supp.2002). A lawsuit based on the same allegations as made in a grievance must be dismissed if it is not filed before the 31st day after the date on which a written decision in the grievance proceeding is received. *Id.* at § 14.005(b) (Vernon Supp.2002).

In his original petition, appellant included a list of the dates on which he had filed grievances and the dates on which he received decisions in those grievance proceedings. Appellant asserted that he received his last decision from the grievance system on June 11, 2001. However, appellant did not file his lawsuit until October 3, 2001—114 days after he received his grievance system decision—well outside the 31–day limitation period. *Id.* Thus, appellant failed to timely file his suit.

Appellant argues that the grievance system procedure was incomplete, and that his "ongoing" grievances, as alleged in his proposed supplemental petition, should be considered because they "relate back" to his original petition. He relies on section 14.005(c) of the Code, which requires a trial court to stay the proceeding with respect to a claim, for a period not to exceed 180 days, to permit completion of the grievance system procedure. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(c) (Vernon Supp.2002). However, the record in this case reflects that appellant's proposed "supplemental" petition alleged new and different claims, which were not alleged in his original petition. It does not demonstrate that the grievance system procedure was not complete for the claims made in the original petition. Thus, appellant's reliance on section 14.005(c) is misplaced, and his argument is without merit.

Appellant further contends that the trial court abused its discretion in not granting him a hearing and in not allowing him to supplement his original petition. However, a trial court's decision on whether to hold a hearing on the dismissal of inmate litigation for failure to comply with the statutes governing such litigation is discretionary. *Williams v. Brown,* 33 S.W.3d 410, 411 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Moreover, allowing appellant an opportunity to supplement his petition would not have resulted in a different outcome, because the supplemental claims alleged did not demonstrate that the claims made in the original petition were "ongoing." Thus, we hold that the trial court did not abuse its discretion in denying appellant a hearing or an opportunity to supplement his petition.

We further hold that the trial court did not abuse its discretion in dismissing appellant's suit because appellant did not comply with Code section 14.005(b). Because appellant did not demonstrate that he filed his suit within 31 days of receiving the written response to his grievance, the court was authorized to dismiss appellate's suit for non-compliance. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a) (Vernon Supp. 2002). A suit that is not timely filed pursuant to section 14.005(b) is barred and may be dismissed with prejudice. *Id.* at § 14.005(b). Thus, we hold that the trial court did not abuse its discretion in dismissing appellant's suit.

Appellant's sole point of error is overruled.

### Conclusion

We affirm the order of dismissal.