Opinion issued November 24, 2004









     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00143-CV




CLYDE STUART, Appellant

V.

GARY L. JOHNSON, CYNTHIA A. POPP, DENISE D. BUNCH, AND
ROBERT H. QUADA, JR., Appellees




On Appeal from the 278th District Court
Walker County, Texas
Trial Court Cause No. 22299 




MEMORANDUM OPINION 
          This appeal involves a prison inmate’s pro-se in forma pauperis suit that was
dismissed without prejudice by the trial court under Chapter Fourteen of the Texas
Civil Practice and Remedies Code (“CPRC”).


 Appellant, Clyde Stuart, raises two
issues on appeal challenging the trial court’s dismissal. 
          We affirm the order of the trial court.
Background
          Appellant filed suit against four employees of the Texas Department of
Criminal Justice, asserting causes of action that arose out of the confiscation and
destruction by prison officials of certain personal belongings. At the request of the
trial court, the Texas Attorney General’s office (“the AG”) filed an “Amicus Curiae
Advisory,” in which it contended that appellant had failed to comply with various
CPRC provisions. Thirteen days after the AG’s office filed the advisory, and before
the defendants filed an answer, the trial court signed an order dismissing the suit “as
frivolous” on the basis that appellant had failed to comply with the requirements of
Chapter 14 of the CPRC. After the trial court had signed the dismissal order, but
before appellant had been apprised of the dismissal, appellant filed a “Motion for
Extension of Time,” requesting that he be given 30 days to file “Plaintiff’s Opposition
to the Amicus Curiae Advisory.” 
          In two issues, appellant contends that the trial court abused its discretion (1)
by failing to allow appellant to file a response to the AG’s amicus curiae advisory
and (2) by dismissing appellant’s suit without conducting a hearing. 
          We review a dismissal under Chapter 14 for an abuse of discretion by the trial
court. Moreland v. Johnson, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Court]
2002, no pet.). A trial court abuses its discretion if it acts arbitrarily, capriciously,
and without reference to any guiding principles or rules. Id.
          CPRC section 14.004 contains certain filing requirements for the indigent
inmate. Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002). The purpose
of these requirements is to assist the trial court in determining whether a suit is
malicious or frivolous under section 14.003(a). Gowan v. Tex. Dep’t. of Crim.
Justice, 99 S.W.3d 319, 321 (Tex. App.—Texarkana 2003, no pet.). Of particular
relevance to this suit is subsection 14.004(c), which requires that, when an inmate
files an affidavit of inability to pay costs, the affidavit must be accompanied by a
certified copy of the inmate’s trust account as required by CPRC subsection
14.006(f). Tex. Civ. Prac. & Rem. Code Ann. § 14.004(c). Subsection 14.006(f)
provides that the certified trust account statement “must reflect the balance of the
account at the time the claim is filed and activity in the account during the six months
preceding the date on which the claim is filed.” Id. at 14.006(f) (Vernon 2002). 
          In this case, appellant filed an affidavit of inability to pay costs. Although he
attached a certified copy of his inmate trust account, the trust statement did not
comply with the requirements of subsection 14.006(f). The statement had been
obtained several months before appellant filed suit and reflected neither appellant’s
account balance at the time he filed his claim nor the activity in the account for the
entire six month period preceding the date on which the claim was filed. 
          Dismissal is appropriate when, as here, a prisoner who files an affidavit of
inability to pay costs in a suit fails to submit an accompanying certified trust account
statement in compliance with the statutory requirements. See Thompson v. Rodriguez,
99 S.W.3d 328, 330 (Tex. App.—Texarkana 2003, no pet.); Hughes v. Massey, 65
S.W.3d 743, 746 (Tex. App.—Beaumont 2001, no pet.); Williams v. Brown, 33
S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Here, that defect
was determinative of appellant’s case and was wholly ascertainable from the record
without the necessity of a hearing or a response from appellant. See Thomas v. Bilby,
40 S.W.3d 166, 169 (Tex. App.—Texarkana 2001, no pet.). This Court has
previously recognized that a trial court’s decision on whether to hold a hearing on the
dismissal of inmate litigation for failure to comply with the statutes governing such
litigation is discretionary; thus, the trial court does not abuse its discretion by failing
to hold such hearing. Moreland, 95 S.W.3d at 394; Williams, 33 S.W.3d at 411; see
also Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (Vernon 2002) (providing court
may hold hearing to determine whether case should be dismissed). 
          As stated, the purpose of section 14.004 is to aid the trial court in determining
whether a suit is malicious or frivolous under section 14.003(a). Gowan, 99 S.W.3d
at 321. Under subsection 14.003(a), a trial court may dismiss a suit filed by an
indigent inmate either before or after service of process if it finds that the claim is
frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (Vernon
2002). Thus, it follows that, because appellant’s filing was procedurally deficient, 
his suit was subject to dismissal without a hearing or allowing him to file a response
to the AG’s advisory. Gowan, 99 S.W.3d at 323; see also Moreland, 95 S.W.3d at
394 (holding that trial court did not abuse its discretion in denying inmate opportunity
to supplement petition before dismissing case); Kendrick v. Lynaugh, 804 S.W.2d
153, 156 (Tex. App.—Houston [14th Dist.] 1990, no writ) (concluding that, because
trial court may dismiss action as frivolous either before or after service of process,
trial court is under no duty to suggest or recommend that appellant amend his
pleading). 
          We hold that the trial court did not abuse its discretion in not conducting a
hearing or giving appellant an opportunity to file a response to the advisory.
          We overrule appellant’s issues one and two.
          We affirm the order of the trial court dismissing appellant’s suit cause without
prejudice.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.