Opinion issued August 3, 2006















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00184-CV




JOHN HENRY JOHNSON, Appellant

V.

TEXAS DEPTARTMENT OF CRIMINAL JUSTICE, J. RAGAN, J.
ACKLEY, W. JONES, D. SUTTON, M. BISCOMP, M. DUKE, R. JENKINS
JR., S. HUGHES, B. HUTCHISON, A. MCCOMB, E. GUITERREZ, AND S.
RICH, Appellee




On Appeal from the 12th District Court
Walker County, Texas
Trial Court Cause No. 22852




MEMORANDUM OPINIONAppellant, John Henry Johnson, an inmate of the Texas Department of
Criminal Justice (“TDCJ”), proceeding pro se and in forma pauperis, appeals from the
trial court’s order granting the motion to dismiss appellees, TDCJ, J. Ragan, J.
Ackley, W. Jones, D. Sutton, M. Biscamp, M. Duke, R. Jenkins Jr., S. Hughes, B.
Hutchison, A. McComb, E. Guiterrez, and S. Rich. On appeal, appellant contends
that (1) the trial court erred in dismissing his claim as frivolous without a hearing and
(2) his claim was not barred by his failure to file his lawsuit within the specified
statutory time limitations. We affirm.
BACKGROUND
          Appellant is an inmate of the Estelle unit of the TDCJ. He complains that on
April 10, 2004, several corrections officers confiscated his personal property because
it was improperly stored. The property included postage stamps, books, writing
material, a magnifying glass, audio cassettes, and legal materials for a brief that
appellant was preparing for the Fifth Circuit Court of Appeals. Appellant asserts that
appellees did not state why they considered the property improperly stored, and that,
without notice to appellant, the personal property was destroyed after seven days due
to lack of instruction on disposition from appellant.
          Appellant filed a “Step I” grievance regarding confiscated property on May 11,
2004. Appellees answered on June 3, 2004. Unsatisfied with the result, appellant
filed a “Step II” grievance on June 4, 2004. Appellee issued its response on August
31, 2004. On November 2, 2004, appellant filed a claim for conversion against the
Director and Executive Director of the TDCJ, as well as the corrections officers
involved in the confiscation. Appellant’s original complaint did not include an
affidavit showing grievance history, but he submitted such an affidavit on January 3,
2005. The trial court dismissed appellant’s claim without a hearing.
DISCUSSION
          We review a dismissal of a claim under Chapter 14 of the Texas Civil Practice
and Remedies Code for an abuse of discretion by the trial court. Moreland v.
Johnson, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no writ). A trial
court abuses its discretion if it acts arbitrarily, capriciously, and without reference to
any guiding principles or rules. Id. 
          A trial court can dismiss a claim that is “frivolous or malicious.” Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). However, when the trial
court dismisses an inmate case without a hearing, the issue on appeal is whether the
claim had no arguable basis in law. Moreland, 95 S.W.3d at 394. Therefore, this
court will review de novo the legal question of whether the trial court properly
concluded that the appellant had no arguable basis in law for maintaining his suit. Id.
          In his first point of error, appellant contends that the trial court abused its
discretion in not granting a hearing. His argument relies on section 14.008 of the
Code, which states that a trial court may use video communications equipment to
conduct a hearing rather than transporting an inmate to the court. Tex. Civ. Prac. &
Rem. Code Ann. § 14.008 (Vernon 2002). This reliance is misplaced, as the plain
language of the statute merely gives the court the option of using video equipment,
but nowhere does it require a court to hold a hearing. Id. Therefore, appellant is
incorrect to assert that section 14.008 requires a hearing—it does not. Id. 
Furthermore, a hearing is not necessary when the dismissal is made as a matter of law,
as in this case. Sawyer v. Tex. Dep’t of Crim. Justice–Institutional Div., 983 S.W.2d
310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). 
          The trial court dismissed appellant’s case as a matter of law because appellant
did not comply with section 14.005(b) of the Code. Appellant did not meet the
requirements of that section because he did not file his “claim before the 31st day”
after receiving the TDCJ’s written response to the grievance; therefore, the court was
authorized to dismiss the suit for non-compliance. Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(b) (Vernon 2002); Moreland at 394.


 A suit that is not timely filed
pursuant to section 14.005(b) is barred and may be dismissed with prejudice. Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a) (Vernon 2002); Moreland at 394. 
Appellant filed suit 63 days after receiving the Step II grievance response. Thus the
trial court did not abuse its discretion in dismissing appellant’s suit.



          In appellant’s second point of error, appellant claims that his suit was not
barred by the statutory time limitations because he met all statutory requirements
under section 14.005(b). Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon
2002). Appellant filed an amendment to his original complaint on January 3, 2005,
asserting that he did not receive the Step II grievance response until October 1, 2004. 
The Step II response is dated August 31, 2004, and appellant’s original complaint
contends that he received the Step II notification on August 31, 2004. Thus, the
assertion in the amended complaint that he did not receive notification until October
1, 2004 is a direct contradiction of appellant’s original complaint. On appeal,
appellant’s only argument regarding the claim that he met the 31-day requirement is
a reference to the January 3, 2005 amendment to his original complaint.


 
          Under Chapter 14 of the Texas Civil Practice and Remedies Code, the trial
court may dismiss a claim if “the inmate filed an affidavit or unsworn declaration
required by this chapter that the inmate knew was false.” Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(a)(3) (Vernon 2002). Because the dates provided in appellant’s
January 3, 2005 amendment directly contradict the dates given in appellant’s
November 2, 2004 complaint, it is necessarily the case that one of the documents is
false. Furthermore, because appellant was the individual that received the grievance
response notification, and because appellant prepared both the complaint and the
affidavit, appellant must have known that he gave a false date in one of the
documents. Therefore, we conclude that the trial court did not abuse its discretion in
dismissing this suit because one of the documents prepared by appellant was
necessarily knowingly false.CONCLUSION
          We affirm the judgment of the trial court.
 
                                                                        Sam Nuchia
                                                                        Justice
 
Panel consists of Chief Justice Radack, and Justices Taft and Nuchia. 
Do not publish. See Tex. R. App. P. 47.2(b).