Opinion issued November 8, 2007



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-00633-CV
  __________
 
THOMAS JEMMERISON, Appellant
 
V.
 
OFFICER I. SALAZAR, Appellees
 

 
 
On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 38223
 

 
 
MEMORANDUM OPINION
          In this pro se appeal, appellant, Thomas Jemmerison, challenges the trial court’s
dismissal of his petition, in which he claimed Officer I. Salazar violated his rights
under the Eighth Amendment and the Texas Department of Criminal Justice-Institutional Division (“TDCJ-ID”) Civil Rights Act. We affirm the trial court’s
judgment. 
Background
          On May 19, 2006, Jemmerison filed a suit pro se and in forma pauperis against
Salazar, a Darrington Trusty Camp correctional officer, claiming that she had violated
his rights under the Eighth Amendment and TDCJ-ID Civil Rights Act while he was
an inmate at the Darrington Trusty Camp. Specifically, Jemmerison accused Salazar
of “harassing me, discriminating against me, retaliating against me, jeopardizing my
safety, having malice against me, abusing her authority against me, showing favoritism
against me, showing prejudices against me, being racism [sic] against me, and . . .
[making] untrue allegations against me that I . . . tried to solicitate [sic] her.” In
Jemmerison’s petition, he requested a pre-trial Spears


 hearing in order to present
evidence and answer the trial court’s questions concerning his accusations. 
Jemmerison claims to have tried numerous times to inform various personnel about
Salazar’s behavior and also claims to have filed many grievances against her. 
          In his complaint, Jemmerison sought to have Salazar relieved of her duties as
a correctional officer. He included an affidavit seeking to press criminal charges
against her. He also motioned for injunctions to be granted against various prison
officials, including Salazar, to prevent them from retaliating against him by having
him transferred. Despite this request, he claims on appeal that he was the victim of a
retaliatory transfer to the Wynne Trusty Camp in April 2006.
          Salazar never responded to Jemmerison’s petition, and the trial court, without
granting Jemmerison any hearing, dismissed the suit. At the time of filing his appeal,
Jemmerison was incarcerated at the Kyle Correctional Center. Jemmerison challenges
the trial court’s dismissal and, along with claiming trial court error, seeks declaratory
and injunctive relief and compensatory and punitive damages for emotional and
mental injuries.In his first issue, Jemmerison argues that the trial court was wrong in dismissing
his cause. He alleges that the trial court failed to follow the proper procedures
concerning his request for a Spears hearing. He also asserts that his petition is not
frivolous, because he proved that Salazar violated his Eighth Amendment rights by
exposing him to an substantial risk of serious harm.
          In his second issue, Jemmerison asserts various reasons why Salazar should be
denied immunity in this action. He essentially alleges that, because Salazar was aware
of her unprofessional behavior, she should be denied sovereign immunity, as well as
judicial and quasi-judicial immunity.
          In his third and fourth issues, Jemmerison brings factual and legal sufficiency
complaints. His factual sufficiency complaints center on situations where Salazar
allegedly made him use Clorox Bleach without the implementation of proper safety
precautions. In his legal sufficiency argument, Jemmerison claims that Salazar
violated his right to be free from cruel and unusual punishment under the Eighth
Amendment.
Order of Dismissal
          Jemmerison first attacks the trial court’s dismissal of his claim. In its order of
dismissal, the trial court dismissed the suit for being “frivolous or malicious because
[Jemmerison] has failed to state a claim that has an arguable basis in law or in fact as
required by Section 13.001 (b) (2) Civ. Prac. Rem. Code and/or Section 14.003, Civ.
Prac. Rem. Code, and/or [Jemmerison] failed to follow the provisions of Section
14.004, Civ. Prac. Rem. Code.” On appeal, Jemmerison makes a series of claims to
address this dismissal. He asserts that the reasons for dismissal set out by the trial
court are not true because the trial court erred by failing to follow the proper
procedures regarding his motion for a Spears hearing. Jemmerison claims that he
complied with Chapters 13 and 14 of the Texas Civil Practice and Remedies Code
before filing his suit. He further alleges that the trial court committed a clear error in
judgment. He also asserts that his claims are not frivolous or malicious because he
first attempted to use Darrington Unit Grievance Procedures and informed Darrington
Unit administrative personnel and TDCJ-ID Region III directors about his allegations.
          We begin our analysis by examining the reasons given by the trial court for its
dismissal. We review a dismissal under Chapter 14 for abuse of discretion. Moreland
v. Johnson, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A
trial court commits an abuse of discretion if it acts arbitrarily, capriciously, and
without reference to guiding rules or principles. Id.
          Jemmerison states that he asserted his claim under Chapters 13 and 14 before
he filed his complaint. Under Section 14.004, an inmate filing an affidavit or unsworn
declaration of an inability to pay costs shall also file a separate affidavit or declaration
identifying previous pro se actions brought by the inmate. Tex. Civ. Prac. & Rem.
Code Ann. § 14.004 (Vernon 2002). This separate affidavit or declaration must
describe the former actions specifically by: “(A) stating the operative facts for which
relief was sought; (B) listing the case name, cause number, and the court in which the
suit was brought; (C) identifying each party named in the suit; and (D) stating the
result of the suit, including whether the suit was dismissed as frivolous or malicious
under Section 13.001 or Section 14.003 or otherwise.” Id. § 14.004(a)(2). The
purpose of the Section 14.004 requirements is to assist the trial court in determining
whether the inmate’s current suit is malicious or frivolous under Section 14.003(a). 
Gowan v. Tex. Dep’t. of Crim. Justice, 99 S.W.3d 319, 321 (Tex. App.—Texarkana
2003, no pet.). 
          In Jemmerison’s unsworn declaration of previous civil litigation, he described
his past pro se actions as follows: 
I, Jemmerison’s the offender claim in civil action # H-00-2272 was
dismissed with prejudice on September 27, 2001, and my claim in civil
action # P-00-CA-034 was dismissed without prejudice on May 14, 2002,
and I did not appeal neither the above case’s. This description is insufficient to meet the requirements of 14.004(a)(2). Jemmerison
did not state the operative facts for which relief was sought, the case names, the courts
in which he brought the suits, the parties named in the suits, or the results of the suits,
including whether the suits were dismissed as frivolous or malicious under Section
13.001, Section 14.003, or otherwise. See Tex. Civ. Prac. & Rem. Code Ann. §
14.004(2). Therefore, the trial court did not abuse its discretion in dismissing
Jemmerison’s complaint for his failure to comply with 14.004. Having found that
Jemmerison failed to comply with the requirements of 14.004, we need not address
whether his claim was frivolous. We also need not discuss whether the trial court
erred in failing to follow the correct procedures concerning Jemmerison’s motion for
a Spears hearing.
Conclusion
          We affirm the judgment of the trial court. 
 

                                                                        George C. Hanks, Jr.
                                                                        Justice
Panel consists of Justices Taft, Hanks, and Higley.