NO.
12-07-00198-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MICHAEL
E. GEIGER,       §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

BETTY WILLIAMS, ET AL,

APPELLEES §                      HOUSTON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Michael
E. Geiger appeals the dismissal of his civil suit against five employees of the
Texas Department of Criminal Justice and six employees of the Medical Branch of
the University of Texas.  In four issues,
Geiger argues that the trial court did not apply the correct legal standards or
principles when it dismissed his lawsuit and that his due process and equal
protection rights were violated. 
Appellees did not file a brief. 
We affirm the trial court’s order of dismissal.

 

Background

            Geiger is an inmate in the Texas
Department of Criminal Justice (TDCJ). 
On February 25, 2007, Geiger, proceeding pro se, filed this lawsuit
against Appellees Williams and ten others, all of whom he alleges are employees
of the State of Texas.  In his petition,
Geiger sought injunctive relief, as well as compensatory and punitive damages
for alleged civil rights violations, torts, and negligence.

            On March 22, 2007, the trial court
dismissed Geiger’s suit without prejudice as to all claims and gave the following
reasons in its order: (1) Geiger failed to file an affidavit describing his
previous litigation as required by section 14.004, Texas Civil Practice and
Remedies Code, (2) Geiger failed to file the claim before the thirty–first day
after he received a written decision from the TDCJ administrative grievance
system pursuant to section 14.005, Texas Civil Practice and Remedies Code, and
(3) Geiger failed to file a copy of the trust account statement covering the
relevant period of time before the filing of the lawsuit as required by section
14.006, Texas Civil Practice and Remedies Code. 
Geiger filed a motion for relief from judgment, on which the trial court
took no action.  This appeal followed.

 

Dismissal of Suit under Chapter 14

            In issues one, three, and four,
Geiger argues that the trial court erred when it dismissed his lawsuit.  In issue two, Geiger argues that the trial
court erred in dismissing his lawsuit without holding a hearing. 

Analysis–Dismissal

            Chapter 14 of the Texas Civil
Practice and Remedies Code applies to a lawsuit brought by an inmate who has
filed an affidavit or unsworn declaration of inability to pay costs and imposes
several procedural requirements for the pleadings in such lawsuits.  See
Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002–14.006 (Vernon Supp.
2007).  An inmate’s lawsuit may be
dismissed if it fails to meet the procedural requirements imposed by chapter
fourteen.  See Thompson v.
Rodriguez, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.).  Our review of the dismissal of an inmate
lawsuit is for an abuse of discretion.  See
Williams v. Tex. Dep’t of Criminal Justice–Institutional Div., 176
S.W.3d 590, 593 (Tex. App.–Tyler 2005, pet. denied).

            One procedural requirement for an
inmate wishing to file a lawsuit without paying costs is that the inmate must
file a certified copy of his inmate trust account statement with his
pleadings.  See Tex. Civ. Prac. & Rem. Code Ann. §§
14.004(c), 14.006(f) (Vernon Supp. 2007). 
The statement must show the balance of the account at the time the
lawsuit is filed and any activity in the account for the six months preceding
the filing of the lawsuit.  Geiger did
not comply with this requirement.  The
account statement included with his lawsuit is dated May 2005, and the lawsuit
was filed in 2007.  Because Geiger did
not file an inmate account statement covering the appropriate period of time,
the trial court did not abuse its discretion when it dismissed the lawsuit
without prejudice.  See Thompson,
99 S.W.3d at 330; Hughes v. Massey, 65 S.W.3d 743, 746 (Tex. App.–Beaumont
2001, no pet.); Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.–Houston
[1st Dist.] 2000, no pet.).[1]

            A trial court may also dismiss a
claim before or after service of process if the court finds that the claim is
frivolous or malicious. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon Supp. 2007).  In determining whether a claim is frivolous
or malicious, a trial court may consider whether the claim is substantially
similar to a previous claim filed by the inmate that arises out of the “same
operative facts.”  Id. §
14.003(b)(4). To enable a trial court to determine whether the suit is
substantially similar to a previous one, an inmate is required to file a
separate affidavit or unsworn declaration describing all other suits the inmate
has brought and stating the “operative facts” upon which relief was sought.  Id. § 14.004(a)(2)(A).  The declaration must also state the result of
any suit, including whether the suit was dismissed as frivolous or malicious
under Section 13.001 or Section 14.003 or otherwise.  Id. § 14.004(a)(2)(D).

            Geiger filed an affidavit about his
previous litigation and listed three lawsuits he previously filed.  However, he failed to provide all of the
information required by Section 14.004. 
Geiger’s affidavit does not provide the outcome of any of the lawsuits,
does not provide the operative facts for any of the lawsuits, and does not list
all of the people sued in each case. 

            When an inmate files an affidavit or
declaration that fails to comply with the requirements of section 14.004, “the
trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.”  Bell v. Tex. Dep’t of Criminal Justice,
962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).  This assumption is even more reasonable here
because one of the lawsuits Geiger discloses is a suit he brought against one
of the same parties he sued in this case, and he alludes to that lawsuit in
paragraph thirty-four of his complaint. 
Geiger has not complied with the statute requiring him to state the
operative facts or the outcome of his previous lawsuits.  Accordingly, the trial court’s assumption
that this is a frivolous lawsuit, and dismissal on that basis, was reasonable.

            Finally, the trial court also found
that Geiger failed to bring this claim within thirty-one days of receiving a
written decision from the prison grievance system.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.05 (Vernon Supp. 2007).  The trial court must dismiss a lawsuit that
was not filed within this time period.  Id.
§ 14.05(b).  Geiger signed the written
grievance on December 4, 2006.  A prison
official signed a written decision on December 29, 2006.  The thirty-first day after that date was
January 30, 2007.  The lawsuit was filed
on February 25, 2007.  In his motion for relief
from the judgment, Geiger argued that he did file his lawsuit within thirty–one
days of receiving a written decision on his grievance and that the deadline was
February 26, 2007.  He did not explain
his reasoning, but on appeal he asserts that he did not receive notice of the
written decision until January 30, 2007 and that a stamp on the grievance
form is evidence of this.  

            Even if this is true, Geiger has not
complied with the statute.  The statute
requires a litigant to state the date on which he received the decision.   Tex. Civ. Prac. & Rem. Code Ann. § 14.05 (a)(1).  Nothing Geiger filed in the trial court would
have alerted the court to his present contention that he received the decision
on January 30.  Further, the calculation
of dates he proposed in his postjudgment motion differs from his present
contention about the relevant dates, and the marking on the grievance form, a
simple date stamp outside the box marked “OFFICE USE ONLY,” is bereft of any
contextual clues indicating that it is a delivery date.  Therefore, the trial court reasonably
concluded that the lawsuit was not timely filed and that it was required to
dismiss the lawsuit.  

            Geiger did not provide the required
materials about his trust account, his previous lawsuits, or the date he
received a written decision on his administrative grievance.  Each is required by statute, and we hold that
the trial court did not abuse its discretion when it dismissed Geiger’s
suit.  Geiger’s first, third, and fourth
issues are overruled.

Analysis–Hearing      

            A trial court has discretion as to
whether to hold a hearing before dismissing an inmate’s lawsuit for failure to
comply with the statutes governing such litigation.  See Moreland v. Johnson,
95 S.W.3d 392, 394 (Tex. App.–Houston [1st Dist.] 2002, no pet.); Williams,
33 S.W.3d at 411; see also Tex.
Civ. Prac. & Rem. Code Ann § 14.003(c) (Vernon Supp. 2007) (court
may hold hearing to determine whether case should be dismissed).  Neither a hearing nor an opportunity to
respond is required prior to dismissal of an inmate’s lawsuit when the
pleadings are procedurally deficient.  See Gowan v. Tex. Dep’t of Criminal Justice,
99 S.W.3d 319, 323 (Tex. App.–Texarkana 2003, no pet.); see also Moreland,
95 S.W.3d at 394 (trial court did not abuse discretion in denying inmate
opportunity to supplement petition before dismissing case); Kendrick v.
Lynaugh, 804 S.W.2d 153, 156 (Tex. App.–Houston [14th Dist.] 1990, no
writ) (trial court under no duty to suggest that litigant amend his
pleading).  

            The trial court did not abuse its
discretion by dismissing this lawsuit without holding a hearing because the
defects described above were clear and wholly ascertainable from the
record.  See Thomas v. Bilby,
40 S.W.3d 166, 170 (Tex. App.–Texarkana 2001, no pet.).  Geiger argues that the trial court’s
dismissal was based on an overly technical reading of Section 14.004 and that
he could have corrected any errors if the court had given him the
opportunity.  We agree with the trial
court’s application of Section 14.004. 
Moreover, even if Geiger could have corrected the errors, the trial
court was not obligated to allow him to amend his lawsuit before it dismissed
it.  Because Geiger’s pleadings were
deficient, the trial court did not abuse its discretion by dismissing this suit
without holding a hearing.  We overrule
Geiger’s second issue.

 

Disposition

            We affirm the judgment
of the trial court.  

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered December 12,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(PUBLISH)











[1] In the statement of facts portion of his brief, Geiger asserts that
the production of the trust account statement was beyond his control.  He did file a statement that covered the
relevant period of time with his motion for relief from judgment, but he does
not appeal the ruling on that motion.