COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




KELVIN LOYD,


 Appellant,


v.



KEITH SEIDEL, SHERRI TALLEY,
CLARYCE WILLIAMS, and DENISE
DeSHIELDS


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00114-CV



Appeal from the


83rd Judicial District Court


of Pecos County, Texas 


(TC# P-6307-83-CV) 




O P I N I O N


 Kelvin Loyd appeals the dismissal of his claim for not pleading facts which would
constitute a waiver of sovereign immunity, failure to comply with the filing requirements of an
indigent inmate suit, failure to establish exhaustion of remedies under Section 501.008 of the
Texas Government Code, and asserting a frivolous claim. We affirm.

 Appellant was an inmate at the Lynaugh Unit of the Correctional Institutions Division of
the Texas Department of Criminal Justice in Fort Stockton, Texas. Appellant received medical
care for a hernia. After a period of inactivity, his condition was downgraded, and surgery was
considered unnecessary. Then a second hernia was found during an examination for possible
testicular cancer. As before, the hernias were treated with medication and physical activity
limitations. Appellant, however, wanted a different form of treatment, but his request was
denied.

 He filed an administrative grievance on January 13, 2005, which was denied. He
appealed to the next level of review and that was denied on March 21, 2005. Appellant filed this
suit, which he termed a "Medical Malpractice Claim" on November 21, 2005.

 In this suit, he sought injunctive relief to require the defendants to schedule a surgical
procedure to correct the hernias and a determination of entitlement to money damages for
negligence and costs of the suit. The suit was dismissed on April 13, 2006. The trial court based
the dismissal on the failure to plead facts which would, if true, constitute a waiver of sovereign
immunity under the Texas Tort Claims Act, alleged a violation of his civil right, a matter not
contemplated as a violation of the provisions of the Texas Tort Claims Act, failed to comply with
Sections 14.004, 14.005(b), and 14.006 of the Texas Civil Practice and Remedies Code, failed to
establish exhaustion of remedies available to him under Section 501.008 of the Texas
Government Code, and asserted a frivolous claim.

 Review of a dismissal in inmate litigation under Chapter 14 is conducted through a abuse
of discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.App--Waco 1996, no pet.). 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Id., citing Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126
(1939). Section 14.005(b) states:

 A court shall dismiss a claim if the inmate fails to file the claim before the 31st
day after the date the inmate receives the written decision from the grievance
system.


Tex.Civ.Prac.&Rem.Code Ann. § 14.005(b)(Vernon 2002).


 The trial court does not abuse its discretion in dismissing Appellant's suit for failure to
file his suit within thirty-one days of receiving the written response to his grievance to comply
with Section 14.005(b). Moreland v. Johnson, 95 S.W.3d 392, 395 (Tex.App.--Houston [1st
Dist.] 2002, no pet.). A suit that is not timely filed is barred, and may be dismissed. Id.

 Appellant received a denial on the appeal of his grievance on March 21, 2005. This suit
was filed on November 21, 2005. This suit was not timely filed within the thirty-one days
provided by the statute as it did not occur until eight months after receiving the final denial of his
grievance. The trial court did not abuse its discretion in dismissing Appellant's cause of action. 
This finding is dispositive of the appeal and we decline to address Appellant's other issues.

 We affirm the trial court's order dismissing Appellant's cause of action. Appellee's
prayer for unspecified costs is denied.



March 27, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.