Opinion issued March 1, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00482-CV

———————————

Ralph O. Douglas, Appellant



 



 

On Appeal from the 412th District Court

Brazoria County, Texas



Trial Court Case No. 57344

 



 

MEMORANDUM OPINION

Appellant
Ralph O. Douglas appeals the trial court’s judgment dismissing his case without
prejudice for failure to comply with Chapter 14 of the Texas Civil Practice and
Remedies Code.  We affirm.  

Background

Douglas filed suit against two
employees of the Texas Department of Criminal Justice–Institutional Division, alleging
that they retaliated against him in assigning his work duties and restricting
his access to the law library.  Neither
defendant was served with the petition, and neither appeared in the trial court
or in this Court on appeal.  The trial
court dismissed Douglas’s case for failure to comply with the provisions of
Texas Civil Practice and Remedies Code Chapter 14.  Although the order of dismissal does not
provide a reason for the trial court’s action, the trial court’s notes on the
docket sheet indicate that the case was dismissed because Douglas provided no
evidence that he complied with the grievance process.  On appeal, Douglas contends that the trial
court abused its discretion in dismissing his case.

Standards of Review

We review the dismissal of an inmate’s Chapter 14 case under
an abuse of discretion standard.  Jackson v. Tex. Bd. of
Pardons & Paroles, 178 S.W.3d 272, 278 (Tex. App.—Houston [1st Dist.]
2005, no pet.); Moreland v. Johnson,
95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  An abuse of discretion can be found when the
trial court acts without reference to any guiding rules or principles.  Jackson,
178 S.W.3d at 275.  However, when a trial court dismisses a claim
without a hearing, the issue on appeal is whether the claim had no arguable
basis in law.  Moreland, 95 S.W.3d at 394.  A claim has no arguable basis in law if it is
based on an “indisputably meritless legal theory” or is based on “wholly
incredible or irrational factual allegations.”  Scott v. Gallagher, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st
Dist.] 2006, no pet.) (citing Minix v. Gonzales, 162 S.W.3d 635, 637 (Tex.
App.—Houston [14th Dist.] 2005, no pet.)). 
 Because there is no indication in
the record that the trial court held a hearing in this case, we review de novo
the legal question of whether the trial court properly concluded that the claim
had no arguable basis in law.  Moreland, 95 S.W.3d at
394.

Exhaustion of
Administrative Remedies

Inmate complaints about the actions of TDCJ employees are
subject to the grievance procedure.  See Leachman v. Dretke, 261 S.W.3d 297, 308 (Tex.
App.—Fort Worth 2008, no pet.); see also
Tex. Gov’t Code Ann. § 501.008 (West 2004) (Inmate Grievance
System); 37 Tex. Admin. Code §
283.3 (West 2011) (Inmate Grievance Plan); Tex.
Dep’t of Criminal Justice, Offender Orientation Handbook 53 (Nov. 2004), available at http://www.tdcj.state.tx.us/documents/
Offender_Orientation_Handbook_English.pdf (stating that complaints about
actions of TDCJ employees and reprisals for exercising “Access to Courts”
rights are subject to grievance procedures). 
An inmate must exhaust his administrative remedies before filing suit in
state court.  Tex. Gov’t Code Ann. § 501.008(d). 
In addition, if his state-court claim is subject to the grievance
system, the inmate must file with the court “(1) an affidavit or unsworn
declaration stating the date that the grievance was filed and the date the
written decision described by Section 501.008(d), Government Code, was received
by the inmate; and (2) a copy of the written decision from the grievance
system.”  Tex. Civ. Prac. & Rem. Code Ann.
§ 14.005(a) (West 2002).  Failure to
exhaust administrative remedies is grounds for dismissal under Chapter 14 of
the Civil Practice and Remedies Code.  See Leachman, 261 S.W.3d at 309.

Analysis

          Douglas’s petition alleged that in
2007 he had a disagreement with TDCJ employee Valerie Henton
about his assigned job duties.  Douglas
alleged that after the disagreement, Henton and
another employee retaliated against him by changing his job duties and limiting
his access to the law library.  Douglas’s
complaint was subject to the grievance system, but nothing in the record
indicates that he exhausted—or even initiated—the grievance process.  

Douglas argues that because he filed a request to pay filing
fees, relying upon Texas Civil Practice and Remedies Code section 14.006, he
was not required to show that he had exhausted his administrative
remedies.  Section 14.006 provides that a
court may order an inmate who has filed a lawsuit to pay fees and costs, and it
provides a method for determining both the amount owed and the monthly payments
required to satisfy the inmate’s obligation. 
Tex. Civ. Prac.
& Rem. Code Ann. §
14.006 (West 2002).  Douglas’s contention
that his filing of a document requesting to pay fees as provided in § 14.006
exempts him from the requirement to exhaust his administrative remedies is
simply an incorrect statement of the law.

Because Douglas failed to show that he exhausted his
administrative remedies, his claim could not be filed in state court.  See
Tex. Gov’t Code Ann. § 501.008(d); Tex. Civ. Prac. & Rem. Code Ann. § 14.005.  Thus, we conclude that Douglas’s case had no
arguable basis in law, see Moreland, 95 S.W.3d at 394, and we hold
that the trial court did not abuse its discretion by dismissing Douglas’s case
for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies
Code.  We overrule Douglas’s issues.

Conclusion

          We affirm the judgment of the trial court.

 

 

 

                                                                      Michael
Massengale

                                                                      Justice


 

Panel
consists of Justices Jennings, Massengale, and Huddle.