

**NUMBER 13-17-000416-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**FRED HOFFMAN III #1662898,**                                                    **Appellant,**

**v.**

**SGT. J. MURO AND LT. C. GARCIA,**                                                **Appellees.**

---

On appeal from the 156th District Court
of Bee County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Contreras

Appellant Fred Hoffman III, pro se, sued appellees Javier Muro and Christie Garcia, correctional officers at the Texas Department of Criminal Justice (TDCJ) McConnell Unit in Beeville, Texas. By five issues on appeal, Hoffman contends that the trial court erred in dismissing his suit. We affirm.

## I. BACKGROUND

Hoffman, an inmate at the McConnell Unit, alleged in his original petition that Muro assaulted him on July 5, 2016 by handcuffing him behind his back and having a barber "forcibly cut off" his beard, which he wears for religious reasons. He contended that Muro retaliated against him because he had filed grievances against Muro in the past. Hoffman further alleged that Garcia was assigned to investigate the Step 1 grievance that he filed after the July 5 incident, but that she "ignored" his claims.

In an amicus curiae advisory ordered by the trial court, the Office of the Attorney General (OAG) argued in response that (1) Hoffman failed to exhaust his administrative remedies with respect to Garcia because his Step 2 grievance did not mention that officer, and (2) all of Hoffman's claims are frivolous or malicious and should thus be dismissed under chapter 14 of the Texas Civil Practice and Remedies Code.

Without holding a hearing, the trial court rendered a final judgment dismissing Hoffman's suit with prejudice, citing both grounds raised in the OAG's advisory. The judgment additionally stated in handwriting that "[t]he Court finds the Plaintiff is not indigent." This appeal followed.[1]

## II. DISCUSSION

Hoffman argues on appeal that: (1) the trial court abused its discretion in finding that his assault claim is not "cognizable"; (2) the trial court abused its discretion in finding that his retaliation claim is not "cognizable"; (3) the trial court abused its discretion in finding that he is not indigent; (4) the trial court should not have "converted" the OAG's

---

[1] No appellees' brief or amicus curiae brief has been filed in this appeal.

amicus curiae advisory into a "summary judgment"; and (5) his factual allegations "raise a material issue [of fact] under the Eighth Amendment."

## A.    Standard of Review and Applicable Law

Chapter 14 of the Texas Civil Practice and Remedies Code governs suits, such as this one, brought by an inmate who has filed an affidavit or unsworn declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West, Westlaw through 2017 1st C.S.). In such a case, the trial court may dismiss a claim at any time upon finding that the claim is frivolous or malicious. *Id.* § 14.003(a)(2) (West, Westlaw through 2017 1st C.S.). In determining whether a claim is frivolous or malicious, the court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b).

The trial court has broad discretion to dismiss an inmate's claim as frivolous. *Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.—Corpus Christi 2002, no pet). Generally, we review a dismissal under chapter 14 for an abuse of discretion. *In re Douglas*, 333 S.W.3d 273, 293 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). However, when a trial court dismisses a claim as frivolous without a hearing, as here, the issue on appeal is limited to whether the claim had no arguable basis in law. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.). This is a legal issue which we review de novo. *Id.*

3

In our review of whether a claim has an arguable basis in law, we take the inmate's allegations as true and determine "whether, as a matter of law, the petition stated a cause of action that would authorize relief." *Brewer v. Simental*, 268 S.W.3d 763, 770 (Tex. App.—Waco 2008, no pet.). A claim has no arguable basis in law if it is based on (1) wholly incredible or irrational factual allegations, or (2) an indisputably meritless legal theory. *Nabelek v. Dist. Att'y of Harris Cty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

## B. Analysis

A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies. *Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.). Section 501.008 of the Texas Government Code establishes a statutory requirement that inmate grievance procedures be exhausted against all named parties before suit is initiated. TEX. GOV'T CODE ANN. § 501.008(d) (West, Westlaw through 2017 1st C.S.). An inmate has not exhausted these grievance procedures for any individuals named in his petition who were not named in his grievance. *See Leachman*, 261 S.W.3d at 311 (holding that, to satisfy the exhaustion requirement, an inmate must file both a Step 1 and a Step 2 grievance against each defendant); *see also Catland v. Blackwell*, No. 13-16-00567-CV, 2017 WL 3725725, at *2 (Tex. App.—Corpus Christi Aug. 30, 2017, no pet.) (mem. op.) (same). Here, Hoffman failed to exhaust his administrative remedies as to Garcia because he filed neither a Step 1 nor a Step 2 grievance naming her. The trial court did not err by dismissing Hoffman's claims against Garcia on these grounds.

The Texas Tort Claims Act (TTCA) provides:

4

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West, Westlaw through 2017 1st C.S.). The claims set forth in Hoffman's petition, taken as true, are based only on the conduct of Muro and Garcia that was within the general scope of their employment with TDCJ. *See id.* Further, his claims "could have been brought under [the TTCA] against" TDCJ. *See Franka v. Velasquez*, 332 S.W.3d 367, 370 (Tex. 2011); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) ("Because the [TTCA] is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the TTCA]' for purposes of section 101.106."). Accordingly, upon motion filed by either appellee, the trial court would be required to dismiss Hoffman's suit, unless he filed amended pleadings dismissing appellees as parties. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). Either way, due to application of TTCA section 101.106(f), Hoffman's claims as to both appellees had no arguable basis in law. *See id.* § 14.003(b)(2). Therefore, the trial court did not err in dismissing those claims as frivolous or malicious.

We overrule Hoffman's first, second, fourth, and fifth issues.[2]

---

[2] Hoffman argues by his third issue that the trial court erred in finding him not indigent. However, he does not support his third issue with any references to authority. *See* TEX. R. APP. P. 38.1(i). Accordingly, the issue is waived.

We note that the trial court did not dismiss Hoffman's suit on grounds that his declaration of inability to pay costs was false. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1), (3) (West, Westlaw through

## III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Justice

Delivered and filed the
14th day of June, 2018.

---

2017 1st C.S.) (authorizing the trial court to dismiss an inmate's claim if the declaration of inability to pay costs is false). In such circumstances, a finding of non-indigence is harmless to the appellant because *any* inmate filing suit along with an affidavit or declaration of inability to pay costs may be required to pay in trust account draws pursuant to section 14.006, regardless of whether the inmate is later found to be non-indigent. *See id.* § 14.006 (West, Westlaw through 2017 1st C.S.); *see also Leachman v. Stephens*, No. 02-13-00357-CV, 2016 WL 6648747, at *14 (Tex. App.—Fort Worth Nov. 10, 2016, pet. denied) (mem. op.) ("Chapter 14 provides a vehicle for drawing money out of an inmate's trust account when the inmate files an unsworn declaration of inability to pay costs. . . . The triggering mechanism is the filing of an affidavit or an unsworn declaration, not the 'finding' of any indigence . . . . [B]ecause the trial court did not dismiss Appellant's suit pursuant to section 14.003, we hold that the finding that Appellant was not indigent is harmless.").