

# NUMBER 13-19-00212-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

CHARLES MOORHEAD,                                                          Appellant,

v.

RAY GUEVARA, COREY FURR,
NICHOLAS JUAREZ, ANTHONY
MACKEY JR., P. CHAPA, LORI
DAVIS, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE–
INSTITUTIONAL DIVISION,                                                   Appellees.

---

### On appeal from the 36th District Court
### of Bee County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Hinojosa
### Memorandum Opinion by Chief Justice Contreras

Appellant Charles Moorhead, pro se and *in forma pauperis*, appeals the dismissal of his lawsuit against appellees Ray Guevara, Corey Furr, Nicholas Juarez, Anthony Mackey Jr., P. Chapa, Lorie Davis, and the Texas Department of Criminal Justice–Institutional Division. By one issue, appellant argues the trial court erred when it dismissed his claim brought under the Religious Land Use and Incarcerated Person Act (RLUIPA). We affirm.

## I. BACKGROUND

Appellant is an inmate at the McConnell Unit of the Texas Department of Criminal Justice in Bee County, Texas. On May 7, 2018, appellant filed his lawsuit against appellees in their professional and individual capacities "pursuant to Texas common law and, 42 U.S.C. [§§] 1983 and 1985." In his petition, appellant generally states that appellees violated his constitutional rights by failing to ensure that appellant received the full two hours for his "religious layin" on December 10, 2017. Appellant also states his "First Amendment to the United States and Texas Constitution was violated when [appellees] acted deliberately to deny religious services." Appellant sought monetary damages in excess of one million dollars under RLUIPA, injunctive relief, and declaratory relief.[1]

The Texas Attorney General subsequently filed an amicus curiae brief arguing that appellant's lawsuit should be dismissed because it was frivolous. Specifically, the attorney general argued that appellant failed to provide sufficient factual details regarding his claims and that his lawsuit against appellees had no arguable basis in law. Without

---

[1] On appeal, appellant complains only of the trial court's dismissal of his claim under RLUIPA.

holding a hearing, the trial court dismissed appellant's lawsuit with prejudice. This appeal followed.

## II. DISCUSSION

By his sole issue, appellant argues that the trial court erred when it dismissed his claim under RLUIPA.

### A. Applicable Law & Standard of Review

Chapter 14 of the Texas Civil Practice and Remedies Code applies to any action brought by an inmate, including an appeal, in which an affidavit or unsworn declaration of inability to pay costs has been filed, other than one brought under the family code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002; *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied).[2] A trial court may dismiss a suit under Chapter 14 if it is frivolous, considering whether:

> (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b).

Generally, we review a trial court's dismissal of a lawsuit under chapter 14 for an abuse of discretion. *In re Douglas*, 333 S.W.3d 273, 293 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). However, when, as here, a trial court dismisses a claim as frivolous without a hearing, the issue on appeal is limited to whether the claim had no arguable basis in law. *Long v. Tanner*, 170 S.W.3d 752, 754 (Tex. App.—Waco 2005, pet. denied);

---

[2] "The legislature enacted [Chapter 14] to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates; these suits consume many valuable judicial resources with little offsetting benefits." *Jackson v. Tex. Dep't of Criminal Justice–Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied).

*Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.). This is a legal issue which we review de novo. *Moreland*, 95 S.W.3d at 394.

In our review of whether a claim has an arguable basis in law, we take the inmate's allegations as true and determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Brewer v. Simental*, 268 S.W.3d 763, 770 (Tex. App.—Waco 2008, no pet.). We review pro se pleadings "by standards less stringent than those applied to formal pleadings drafted by lawyers." *Id*. A claim has no arguable basis in law only if it is based on (1) wholly incredible or irrational factual allegations, or (2) an indisputably meritless legal theory. *Nabelek v. Dist. Attorney of Harris Cty*., 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). An inmate's claim may not be dismissed merely because the court considers the allegations "unlikely." *Id.*

## B. Analysis

The record shows that appellant is an inmate who has filed an unsworn declaration of his inability to pay costs, and his suit does not arise under the family code; accordingly, Chapter 14 applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002; *Thomas*, 52 S.W.3d at 294.

"Under RLUIPA, government entities may not 'impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability.'" *Moussazadeh v. Tex. Dep't of Criminal Justice*, 703 F.3d 781, 790 (5th Cir. 2012) (quoting 42 U.S.C.A. § 2000cc-1(a)); *see also* 42 U.S.C.A. § 2000cc-5(7)(A) (defining "religious exercise" as including "any exercise of religion, whether or not compelled by, or central to, a system of religious belief"). "RLUIPA 'protects institutionalized persons who are unable freely to attend to their religious needs

4

and are therefore dependent on the government's permission and accommodation for exercise of their religion.'" *Id.* (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005)). "The threshold questions for applying RLUIPA are whether a 'religious exercise' is at issue and whether the state action places a 'substantial burden' on that exercise." *Id.*; *see* 42 U.S.C. §§ 2000cc-1(a); *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 613 (5th Cir. 2008).

The inmate bears the initial burden of demonstrating that the challenged policy substantially burdens his exercise of religion. *Balawajder v. Tex. Dep't of Criminal Justice Inst. Div.*, 217 S.W.3d 20, 26 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A "substantial burden" on a religious exercise exists where a government action or regulation "truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Baranowski v. Hart*, 486 F.3d 112, 124 (5th Cir. 2007). If the inmate succeeds in making this prima facie showing, then the burden shifts to the defendants to demonstrate that the challenged policies are the least restrictive means of furthering a compelling state interest. *Id.*

Here, appellant complains in his petition of a single instance when appellees kept him from attending half of his "layin" service. Even assuming this is true, we cannot conclude that this demonstrates a substantial burden on his exercise of religion. *See Moussazadeh*, 703 F.3d at 790; *Baranowski*, 486 F.3d at 124; *Balawajder*, 217 S.W.3d at 26. Furthermore, nowhere in the record does appellant specify what religion he practices.[3] *See Moussazadeh*, 703 F.3d at 790 ("Subsumed within the substantial-burden inquiry is the question of whether the inmate sincerely believes in the requested religious

---

[3] In his petition, appellant states, "My religion is always being pushed outside the community religions on my unit."

5

exercises."). Therefore, the trial court did not err when it concluded that appellant's claim under RLUIPA had no arguable basis in law.

We overrule appellant's sole issue.

### III.   CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed the
30th day of April, 2020.