Opinion issued March 5, 2009

















     


In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00465-CV




MILTON JAMES ANTHONY, Anthony

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, DOMINGO
CARRILLO, JACKIE L. EDWARDS, LEONARD ELLIS, BRAD
LIVINGSTON, and RICHARD A. TRINCI, Appellees




On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 41962




MEMORANDUM OPINION
          Appellant, Milton James Anthony, a prison inmate, appeals pro se and in forma
pauperis from the dismissal of his claims against appellees, Texas Department of
Criminal Justice (“TDCJ”) and Brad Livingston, Jackie Edwards, Richard A. Trinci,
Leonard Ellis, and Dominguez Carillo in their official capacities.


 The trial court
found Anthony’s discrimination petition to be frivolous and not in compliance with
Chapter 14 of the Texas Civil Practice and Remedies Code


 (“Chapter 14”) and
dismissed it with prejudice. We determine whether the trial court (1) abused its
discretion by dismissing Anthony’s suit under Chapter 14; (2) abused its discretion
by failing to detail which statutory provision of Chapter 14 it relied on for dismissal;
and (3) erred in not filing findings of fact and conclusions of law.
          We affirm.
Background and Procedural History
          On December 7, 2006, Anthony, an African-American, and another African-American inmate were removed from their support service inmate (“SSI”) positions
as law library clerks. Anthony was replaced by a Caucasian inmate and his co-worker
was replaced by a Hispanic inmate. Anthony was then reassigned to be a prison
orderly. 
          On December 15, 2006, Anthony filed a formal grievance with the TDCJ
alleging racial discrimination. He claimed that an “unkown staff” member removed
him from his SSI position and replaced him with a Caucasian inmate who had not yet
been given the proper classification for the law clerk position. He also made general
complaints that the prison administration treated African-American inmates
differently from other inmates and that the prison system did not have enough
African-American employees. His grievance specifically named Trinci, Ellis, and
Carrillo as being “racially motived staff.”
          On December 28, 2006, Anthony received a written response from Trinci
stating, “Your complaint has been investigated. Job assignments are administrative
decisions based on the needs and security of the unit. No evidence of discrimination
was noted. No further action required.”
          On January 2, 2007, Anthony appealed this response. On February 9, 2007,
Doug Waldron, the Region III Assistant Regional Manager


 replied, “After further
investigation no new evidence has been presented to support your allegations of staff
misconduct or discrimination. No further action is warranted.”
          On March 9, 2007, Anthony filed a petition in the trial court against TDCJ,
Trinci, Ellis, Carrillo, Livingston, and Edwards.


 Anthony claimed that TDCJ and the
named defendants’ actions violated his rights to equal protection and due process
under the United States and Texas Constitutions and that their actions violated TDCJ
policies regarding inmate job assignments. Anthony asked the trial court to return all
of the African-American inmates’ jobs to them, to require the assignment of housing
and removal of jobs be made by policy, and to require the hiring of African-American
employees in supervisory positions.
          In the trial court, Anthony again alleged that his removal from his SSI position
was racially motivated. In support of his claim, Anthony alleged that his former clerk
job required support service inmate status and that his successor, who was Caucasian,
did not have the necessary classification. Anthony asserted that TDCJ, Trinci, Ellis,
and Carillo discriminated against African-American inmates and employees, claiming
that a number of open work positions within the prison were filled with non-African-American inmates and that only African-American inmates were removed from their
positions. Further, Anthony alleged that Livingston implemented racially biased
policies and procedures and claimed that the TDCJ administration was racially
imbalanced. Anthony argued that only two of the twenty supervisors at the prison
were African-American.
          Attached to his petition, Anthony included the grievance he filed on December
15, 2006 and the written response from Trinci, as well as the appeal he filed on
January 2, 2007 and Waldron’s written response. He also included a declaration that
he was unable to pay the court costs for his action and requested leave of the trial
court to proceed in forma pauperis.
          On April 13, 2007, TDCJ and the five named defendants (collectively “TDCJ”)
filed an answer denying all allegations and asserting their entitlement to qualified,
official, and sovereign immunity. Anthony attempted to conduct some discovery, but
TDCJ filed a motion for a protective order seeking to halt any discovery until the trial
court ruled on its entitlement to immunity from suit. On June 26, 2007, the trial court
granted TDCJ’s motion and stayed discovery.
          On June 27, 2007 the trial court sent a letter to all of the parties which stated:
[The trial court] has signed the Order Staying Discovery against [TDCJ]. 
However, [the trial court] wants to get this issue resolved at the earliest
possible date so that this case can proceed in an orderly fashion. 
Therefore, [the trial court] has set a Status Conference for 1:00 p.m. on
September 28, 2007. This Status Conference can be held by telephone
conference . . . . At the status conference, [the trial court] will hear
[TDCJ’s] claim of qualified good faith immunity, official immunity and
any other dispositive issues which [TDCJ] wish[es] to raise. . . . [T]he
[trial court] will also hear any issues which [Anthony] wishes to bring
forth at that hearing.
 
The letter further stated that any additional filings were due by July 27, 2007, in order
to give each party two months to respond, and that all responsive pleadings were due
10 days prior to the status conference.
          On July 27, 2007, TDCJ filed a motion requesting a 15-day extension of time
to complete a motion to dismiss under Chapter 14 of the Civil Practice and Remedies
Code. The trial court granted TDCJ’s motion and ordered that the motion to dismiss
be completed no later than August 11, 2007.
          On August 14, 2007, TDCJ filed a motion to dismiss Anthony’s claims under
Chapter 14, along with a motion for leave to file the motion to dismiss after the
August 11 deadline. In its motion to dismiss, TDCJ alleged that Anthony failed to
identify previous suits—as required by section 14.004 of the Texas Civil Practice and
Remedies Code. TDCJ also alleged that Anthony failed to properly exhaust his legal
remedies against Livingston and Edwards—as required by section 501.008 of the
Texas Government Code and section 14.005 of the Civil Practice and Remedies
Code.


 TDCJ argued that the claims against Livingston and Edwards should be
dismissed because Anthony did not mention Livingston and Edwards in his original
grievance. TDCJ further argued that Anthony failed to support his due process claim
or to meet the requirements necessary to bring an equal protection action. 
          In addition, TDCJ rebutted Anthony’s claim that he was removed from his SSI
position because of his race and argued that Anthony was removed from his position
for valid penological reasons. An unsworn statement by Warden Trinci was included
as an exhibit to the motion to dismiss. Trinci stated that Anthony and his co-worker
were reassigned after a weapon was found in the ceiling of the law library. Anthony
and his co-worker were the only offenders that had access to that particular area of
the library, so they were removed and replaced with other inmates in the interest of
security because officials were unable to determine who owned the weapon. Lastly,
TDCJ asserted that even if there was a violation of TDCJ rules and regulations, it did
not give rise to a valid cause of action pursuant to section 14.003 of the Civil Practice
and Remedies Code, and, therefore, Anthony’s complaint should be dismissed as
frivolous.



          On August 17, 2007, Anthony filed a motion to amend his complaint to allege
that TDCJ discriminated against capital murderers as a class because it would not let
inmates with convictions for capital felonies live in dormitories where non-capital
offenders were allowed to live. On September 20, 2007, Anthony filed another
motion to amend his pleadings in order to provide a statement of previous lawsuits. 
Anthony also filed an objection to TDCJ’s untimely motion to dismiss under Chapter
14.
          On September 26, 2007, the combined status conference and motions hearing
was reset to October 17, 2007. During the October 17 hearing, the trial court granted
Anthony leave to file his amended complaints and granted TDCJ leave to file its
motion to dismiss under Chapter 14. The trial court also decided to dismiss Edwards
and Livingston from the suit on the grounds that Anthony failed to file a grievance
against them as required by section 14.005.
          On January 18, 2008, Anthony filed a motion for an injunction and a temporary
restraining order seeking to enjoin Trinci, Ellis, and Carrillo from assigning inmates
to prison positions or filling any vacant job openings until further notice from the trial
court. Further, Anthony filed a legal memorandum regarding alleged violations of
these equal protection and due process rights and an affidavit supporting those
contentions, in which he again made the general statement that Trinci, Ellis, and
Carrillo were discriminating against him and other African-American inmates in
making job and housing assignments.
          On January 22, 2008, the trial court granted TDCJ’s motion seeking leave to
file its out-of-time motion to dismiss under Chapter 14. The trial court also sent
another letter which stated:
          After reviewing [TDCJ’s] Motion to Dismiss under Chapter 14,
I am denying [TDCJ’s] Motion to Dismiss. This applies to all
defendants except for Livingston and Edwards who were dismissed at
the telephone hearing held on October 17, 2007.
 
          I have also reviewed [Anthony’s] Motion for a Temporary
Restraining Order against Trinci, Ellis and Carrillo and this Motion is
denied.
 
          [Counsel for TDCJ] is to prepare an Order in accordance with this
letter and forward a copy of the proposed Order to [Anthony]. If
[Anthony] has any objections to the form of the order, he must send
those objections to me within twenty days of the date of [counsel for
TDCJ’s] letter.
 
          The trial court received the requested proposed order, but never signed it.


 On
February 27, 2008, Anthony filed an objection to this proposed order asking the trial
court to reconsider the dismissal of the claims against Edwards and Livingston based
on the theory of respondeat superior.
          On March 4, 2008, the trial court wrote another letter to the parties in which
the trial court noted that he reviewed Anthony’s objection to the order filed by TDCJ
and that he reconsidered TDCJ’s motion to dismiss and Anthony’s responses,
including all of Anthony’s amended complaints and the memorandum of law and
affidavit filed on January 18, 2007. The letter stated:
After reviewing all of the above pleadings, the Motions and the
responses, I am withdrawing my original decision and now find that
[TDCJ’s] motion as to all defendants is meritorious and should be
granted. [Counsel for TDCJ] will prepare an Order in accordance with
this letter. I have not signed the prior Order as to Defendants Livingston
and Edwards, so [counsel for TDCJ] is to include all defendants in one
Order. I will not sign the proposed Order until the expiration of twenty
days from the date of [counsel for TDCJ’s] letter so that [Anthony] may
file objections if he wishes to, or file a different proposed Order.
 
Also on March 4, 2008, Anthony filed another objection to TDCJ’s earlier proposed
order, arguing that it was not in compliance with the instructions of the trial court and
reurging his equal protection and due process claims. This objection was filed with
the trial court on March 10, 2008. Anthony did not file any further objections.
          On April 25, 2008, the trial court signed the order granting TDCJ’s Motion to
Dismiss all defendants with prejudice. This appeal followed.



Dismissal Under Chapter 14
          In his first issue, Anthony complains that the trial court abused its discretion
by dismissing his claims under Chapter 14. The trial court’s final order stated that it
found Anthony’s petition was frivolous and did not comply with the requirements set
forth in Chapter 14. Accordingly, the trial court dismissed all of Anthony’s claims
with prejudice. Anthony argues that his due process and equal protection claims were
not frivolous or lacking any basis in law.
A.      Standard of Review
          Chapter 14 applies to suits brought by inmates in a district court in which an
affidavit or unsworn declaration of inability to pay costs has been filed. Tex Civ.
Prac. & Rem. Code Ann. § 14.002 (Vernon 2002). When an inmate files an
affidavit of inability to pay, the trial court has broad discretion to dismiss the suit as
frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(2)
(Vernon 2002); see Retzlaff v. Tex. Dep’t of Criminal Justice, 94 S.W.3d 650, 653
(Tex. App.—Houston [14th Dist.] 2002, pet. denied). Generally, we review the
dismissal of an inmate’s Chapter 14 case under an abuse of discretion standard. 
Jackson v. Tex. Bd. of Pardons & Paroles, 178 S.W.3d 272, 278 (Tex.
App.—Houston [1st Dist.] 2005, orig. proceeding); Moreland v. Johnson, 95 S.W.3d
392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.). An abuse of discretion can
be found when the trial court acts without reference to any guiding rules or principles. 
Jackson, 178 S.W.3d at 275. However, when a trial court dismisses a claim without
a hearing, the issue on appeal is whether the claim had no arguable basis in law.


 
Moreland, 95 S.W.3d at 394. Therefore, we review de novo the legal question of
whether the trial court properly concluded that the claims had no arguable basis in
law. Id.
B.      The Law
          Chapter 14 requires inmates filing in forma pauperis to comply with various
filing requirements, including the attachment of an affidavit identifying previous
lawsuits filed by the inmate, an affidavit stating that a grievance was filed and a copy
of the written response, and records relating to the inmate’s ability to pay costs. See
Tex Civ. Prac. & Rem. Code Ann. §§ 14.004–14.006 (Vernon 2002).
          After the inmate satisfies the necessary filing requirements, the trial court may
dismiss the inmate’s claim as frivolous under Section 14.003.


 Comeaux v. Tex.
Dep’t of Criminal Justice, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006,
pet. denied). A claim has no arguable basis in law if it is based on an “indisputably
meritless legal theory” or is based on “wholly incredible or irrational factual
allegations.” Scott v. Gallagher, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st
Dist.] 2006, no pet.); Minix v. Gonzales, 162 S.W.3d 635, 637 (Tex. App.—Houston
[14th Dist.] 2005, no pet.).
C.      Was Anthony’s Due Process Claim Properly Dismissed?
          Anthony asserts that he was deprived of his due process rights under the United
States and Texas Constitutions when he was removed from his SSI position and
replaced by a Caucasian inmate without just cause and that the trial court improperly
dismissed this claim under Chapter 14.



          In order to bring a due process claim, the plaintiff must assert a property
interest that is protected by the Fourteenth Amendment of the United States
Constitution or article I, section 19 of the Texas Constitution. See Bd. of Regents of
State Colls. v. Roth, 408 U.S. 564, 570–71, 92 S. Ct. 2701, 2705–06 (1972);
Concerned Cmty. Involved Dev., Inc. v. City of Houston, 209 S.W.3d 666, 671 (Tex.
App.—Houston [14th Dist.] 2006, pet. denied). If the plaintiff does not assert a
protected property interest, the trial court lacks jurisdiction over the suit. See Nat’l
Collegiate Athletic Ass’n v. Yeo, 171 S.W.3d 863, 870 (Tex. 2005). The Yeo court
stated, “To have a property interest in a benefit, a person clearly must have more than
an abstract need or desire for it. He must have more than a unilateral expectation of
it. He must, instead, have a legitimate claim of entitlement to it.” Id. at 870 n.19
(quoting Roth, 408 U.S. at 577, 92 S. Ct. at 2709).
          Inmates have no constitutionally protected liberty or property interests per se
in their job assignments. Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 49 (5th Cir.
1995). Anthony did not allege any facts in his petition that would show he had a
legitimate claim of entitlement to his job assignment. Therefore, the trial court
properly concluded that Anthony’s due process claims had no arguable basis in law. 
Because they had no basis in law, the due process claims were properly dismissed
under Chapter 14. See Roth, 408 U.S. at 570–71, 92 S. Ct. at 2705–06; Concerned
Cmty., 209 S.W.3d at 671; see also Moreland, 95 S.W.3d at 394.
D.      Was Anthony’s Equal Protection Claim Properly Dismissed?
          Anthony also asserts that he was deprived of his equal protection rights under
the United States and Texas Constitutions and that the trial court erred by dismissing
these claims under Chapter 14. The requirements for equal protection under the
United States Constitution and the Texas Constitution are substantially the same. 
Southwestern Bell Tel. Co. v. Combs, 270 S.W.3d 249, 272 n.46 (Tex.
App.—Amarillo 2008, pet. filed 2/12/09); see also U.S. Const. amend. XIV, § 1;
Tex. Const. art. I, § 3; Bell v. Low Income Women of Tex., 95 S.W.3d 253, 266 (Tex.
2002) (“[T]he federal analytical approach applies to equal protection challenges under
the Texas Constitution.”).
          The Equal Protection Clause of the Fourteenth Amendment requires that “all
persons similarly circumstanced be treated alike.” Plyler v. Doe, 457 U.S. 202, 216,
102 S. Ct. 2382, 2394 (1982). To assert an equal protection claim, the deprived party
must establish two elements: (1) that he was treated differently than other similarly-situated parties; and (2) he was treated differently without a reasonable basis. 
Sanders v. Palunsky, 36 S.W.3d 222, 225 (Tex. App.—Houston [14th Dist.] 2001, no
pet.) (citing Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1541 (11th Cir.
1991), cert. denied, 502 U.S. 810, 112 S. Ct. 55 (1991); City of Lubbock v. Corbin,
942 S.W.2d 14, 22 (Tex. App.—Amarillo 1996, writ denied)).
          In his petition, Anthony alleged that he and another African-American inmate
were removed from their library clerk positions and replaced with non-African-American inmates. He also made general allegations that TDCJ employees harass
African-American inmates and remove them from their jobs and housing assignments
based on information received from other prisoners. However, Anthony did not
allege any facts showing that he was treated differently from similarly situated
inmates of different ethnic backgrounds.
          Even if the trial court had found that Anthony had pled sufficient facts to show
he had been treated differently than other similarly-situated parties, Anthony did not
plead any facts to show that he was treated differently without a reasonable basis. 
When reviewing policies designed to preserve internal order, discipline, and security,
a court should give “broad deference to prison administrators regarding the
reasonableness of the scope, the manner, the place, and the justification for a
particular policy.” Hay v. Waldron, 834 F.2d 481, 486 (5th Cir. 1987). We will defer
to the prison administrator’s expertise if a policy is reasonably related to legitimate
security objectives and there is no substantial evidence to indicate that prison officials
have exaggerated their response to security considerations. Id.; see also Thomas v.
Brown, 927 S.W.2d 122, 126 (Tex. App.—Houston [14th Dist.] 1996, writ denied)
(“[A] prison regulation that impinges on an inmate’s constitutional rights may
nevertheless be valid if it is reasonably related to legitimate penological interests.”)
(citing Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261 (1987)).
          In his complaint, Anthony states that he was removed from his SSI position
because of his race. The written response to Anthony’s grievance stated that Anthony
was reassigned for security reasons.


 Anthony lists other situations that he
considered violations of security in which prison administrators did not take any
action. However, this is not sufficient to support his claim that prison administrators’
action in his case was not related to the legitimate penological interest in the security
of the unit.


 See Thomas, 927 S.W.2d at 126.
          Furthermore, Anthony did not allege any facts regarding the personal
involvement of any of the named defendants in removing him from his SSI position. 
See Poteet v. Sullivan, 218 S.W.3d 780, 794 (Tex. App.—Fort Worth 2007, pet.
denied) (“Personal involvement is an essential element in a civil rights cause of action
alleging constitutional deprivation.”) (citing Thompkins v. Belt, 828 F.2d 298, 303
(5th Cir. 1987)). He merely made the conclusory statement that Trinci, Ellis, and
Carrillo were “involved” in his removal. Therefore, the trial court properly concluded
that Anthony’s equal protection claims had no arguable basis in law. See Moreland,
95 S.W.3d at 394.
          We overrule Anthoney’s first issue.
Failure to Identify Statutory Grounds
          In his second issue, Anthony argues that the trial court abused its discretion by
failing to specifically state the provision of Chapter 14 relied on for dismissal. The
same issue was addressed in Retzlaff, 94 S.W.3d at 654. In Retzlaff, the inmate
contended that the trial court erred when it did not specifically state the grounds for
the dismissal of his suit. Id. The Retzlaff court stated that Chapter 14 gives trial
courts the power to “summarily dismiss” inmate suits, even in absence of a hearing. 
Id; see also Tex. Civ. Prac. & Rem. Code Ann. § 14.003. It is because of this power
that the trial court did not abuse its discretion when it did not specifically state the
grounds for dismissal. Id. 
          Here, the trial court’s order stated that Anthony’s claims were dismissed
because they were frivolous and did not comply with Chapter 14, which clearly
implicates section 14.003 of the Civil Practice and Remedies Code. See Tex. Civ.
Prac. & Rem. Code Ann. § 14.003 (“A court may dismiss a claim, either before or
after service of process, if the court finds that . . . the claim is frivolous or
malicious.”). Anthony fails to cite any authority, and we have not found any,
requiring a trial court to specify which section of Chapter 14 it relied upon. Thus, the
trial court did not err in not stating a specific grounds for dismissal of Anthony’s
claims.



          We overrule Anthony’s second issue.
Findings of Fact
          In his third point of error, Anthony argues that the trial court erred in not
making findings of fact or conclusions of law. “When neither party requests findings
of fact and conclusions of law, it is implied that the trial court made all fact findings
necessary to support its judgment.” Sixth RMA Partners, L.P. v. Sibley, 111 S.W.3d
46, 52 (Tex. 2003). Further, the judgment must be affirmed, “if it can be upheld on
any basis.” Neely v. Comm’n for Lawyer Discipline, 196 S.W.3d 174, 181
(Tex.App.—Houston [1st Dist.] 2006, pet. denied).
          Neither Anthony or the TDCJ requested findings of fact or conclusions of law
in their pleadings. Accordingly, we must presume that the trial court made the
necessary findings of fact and conclusions of law to properly dismiss Anthony’s claim
under Chapter 14. See Sixth RMA Partners, L.P., 111 S.W.3d at 52. Anthony argues
that he was entitled to finding of fact and conclusions of law because the trial court
used TDCJ’s proposed order to dismiss his claims. However, Anthony does not cite
any authority to support this contention, nor did we find any.
          We overrule Anthony’s third issue.
 
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.





                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Bland, and Sharp.